# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### JUNE 1998 SESSION

FILED

September 10, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | C.C.A. NO. 03C01-9708-CC-00365 |
| Appellee, | ) | |
| | ) | BLOUNT COUNTY |
| VS. | ) | |
| | ) | HON. D. KELLY THOMAS, JR. |
| CHARLES HARRILL, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Denial of Alternative Sentencing) |

FOR THE APPELLANT:          FOR THE APPELLEE:


**JULIE A. MARTIN**
P.O. Box 426
Knoxville, TN 37901-0426
    (On Appeal)

**GERALD RUSSELL**
117 E. Harper Ave.
Maryville, TN 37801
    (At Trial)

**JOHN KNOX WALKUP**
Attorney General & Reporter

**GEORGIA BLYTHE FELNER**
Asst. Attorney General
John Sevier Bldg.
425 Fifth Ave., North
Nashville, TN 37243-0493

**MIKE FLYNN**
District Attorney General
363 Court St.
Maryville, TN 37804


OPINION FILED:_____



**AFFIRMED**


**JOHN H. PEAY,**
Judge

# O P I N I O N

The defendant was indicted for rape, a Class B felony. He pled guilty and after a hearing, was sentenced to eight years as a Range I standard offender in the Department of Correction. The defendant now appeals, arguing that the trial court should have granted him alternative sentencing. We affirm the defendant's sentence.

The defendant, a forty-five-year-old male, raped his thirteen-year-old daughter[1] one morning after his wife had left for work. The victim was in bed when the defendant told her to take off her underpants. When she refused to obey, he forced her knees straight and pulled off her underpants. He removed his clothing and sexually penetrated her for thirty minutes. He then told her to take a shower and prepare for school. The defendant drove her to school, where she reported the rape.

The defendant pled guilty, agreeing to a negotiated sentence of eight years. The cause proceeded to a sentencing hearing, where the defendant requested community release in lieu of confinement. According to the defendant's testimony at the hearing, the defendant did not remember the exact events during the rape, although he did recall penetrating the victim. The defendant wished to maintain a family relationship with his wife and the victim and stated that he shouldered full responsibility for the rape. The defendant also admitted having a lengthy prior record, beginning at age eighteen or nineteen, although he claimed not to remember all of his past offenses. The defendant described his present mental health as "fair" because he allowed the rape to occur, and he noted that because of the rape, he was attending counseling. The presentence report

---

[1]The defendant previously adopted the victim, who is the defendant's wife's natural daughter by a prior marriage. We note, however, that portions of the transcript refer to the victim as the defendant's stepdaughter.

acknowledges a history of drug and alcohol use, but the defendant maintained he had not used illegal drugs in eighteen years and had not drunk alcohol heavily since around 1981. He admitted to presently enjoying a cold beer on a hot day, but he maintained that "abstinence would be no problem" if the court so ordered.

At the conclusion of the hearing, the trial court accepted the State's recommendation of eight years, which was the minimum sentence for the offense, but noted that the evidence could have supported three enhancing factors, including the victim's young age, the abuse of a position of trust, and the defendant's history of criminal conduct. In determining whether the defendant should be released into the community during his eight year sentence, the trial court noted that there was no restitution to be made in this case and that confinement was necessary to protect society from the defendant and to avoid depreciating the offense. The trial court also recognized that it should consider the defendant's potential for rehabilitation. Noting that the offense was the forcible rape of a young child, the trial court stated that the defendant was not an appropriate candidate for any kind of release and ordered the defendant to serve his sentence in the Department of Correction. The defendant now appeals, arguing that the trial court improperly considered his eligibility for alternative sentencing.

Since the defendant pled guilty to a Class B felony, he did not enjoy the presumption of alternative sentencing under T.C.A. § 40-35-102(6). While both parties agree that the defendant is statutorily eligible for probation under T.C.A. § 40-35-303(a) because the sentence imposed was eight years, they disagree as to whether the defendant is statutorily eligible for community corrections under T.C.A. § 40-36-106.

Section 40-36-106(a) provides that persons convicted of crimes against the

3

person as provided in title 39, chapter 13, parts 1-5 and persons convicted of violent felony offenses are not eligible for community corrections. § 40-36-106(a)(2)-(3). Because the defendant was convicted of rape, a violent felony offense, in violation of § 39-13-503, he is not eligible for community corrections under § 40-36-106(a). The defendant contends, however, that he is eligible for community corrections under § 40-36-106(c), which provides:

> Felony offenders not otherwise eligible under subsection (a), and who would be usually considered unfit for probation due to histories of chronic alcohol, drug abuse, or mental health problems, but whose special needs are treatable and could be served best in the community rather than in a correctional institution, may be considered eligible for punishment in the community under the provisions of this chapter.

We disagree. The record is devoid of any evidence that the defendant suffers from mental health problems, apart from the defendant's passing assessment that raping his daughter has caused his mental health to be "fair." The defendant's prior criminal record shows some illicit drug use and alcohol abuse during the 1970s. However, the defendant explicitly denied any illegal drug or alcohol use in the past eighteen years. He maintained that he quit drinking alcohol "cold turkey" around 1981 and now only drinks a cold beer in hot weather. The defendant also boasted that he has abstained from alcohol for as long as six years and that further abstinence would be "no problem" if the court so ordered. Given the defendant's admissions concerning his alcohol and drug use (or lack thereof) and the lack of evidence that the defendant suffers from mental health problems, the defendant does not have "special needs" that would qualify him for community corrections under § 40-36-106(c).

Even assuming that the defendant was statutorily eligible for community corrections, however, we agree with the trial court's decision that the defendant is not entitled to any sort of alternative sentencing or release in the community. The record contains ample evidence of the defendant's long criminal history, which is probative of

4

the defendant's lack of potential for rehabilitation.  We also agree with the trial court's determination that confinement is necessary to avoid depreciating the seriousness of the offense, which involved a father violating his daughter's trust and causing her physical and emotional damage.  Given the circumstances of this case, we affirm the trial court's decision.

_____
JOHN H. PEAY, Judge

CONCUR:


_____
JOSEPH M. TIPTON, Judge


_____
DAVID G. HAYES, Judge